United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60581
Summary Calendar
_____

AAMIR SHAH, also known as Piyar Jaffer Ali,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 831 797
--------------------

Before KING, WIENER, and DeMOSS, CIRCUIT JUDGES.

PER CURIAM:[*]

Petitioner Aamir Shah petitions this court for review of the Board of Immigration Appeals's (BIA) order affirming the Immigration Judge's (IJ) decision denying Shah's application for asylum as untimely and denying his application for withholding of removal. Shah contends that the IJ erred by denying his asylum application as untimely, urging that he had good cause not to file it within the statutory period. Shah also contends that the IJ erred in denying his application for withholding of removal because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he presented evidence to show that it is more likely than not that he will be subject to persecution upon his return to Pakistan.

The BIA's affirmance of the IJ's denial of asylum relied on the IJ's determination that Shah's application was untimely. Therefore, we lack jurisdiction to review the denial of asylum. Cf. Zhu v. Ashcroft, 382 F.3d 521, 526 (5th Cir. 2004). Shah has not shown that the evidence presented in his case compels the conclusion that the IJ erroneously denied his application for withholding of removal. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). As there is substantial evidence to support the IJ's determination, Shah is not entitled to relief. See Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir. 2002).

Accordingly, Shah's petition for review is DENIED.